UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
R.L. a student with a disability and
Y.Z.C., individually and as parent of R.L.,

                       Plaintiffs,              **COMPLAINT**

                       -against-

                                                    1:26-cv-

KAMAR SAMUELS, in his official capacity
as the Chancellor of the NEW YORK CITY
DEPARTMENT OF EDUCATION, and the
NEW YORK CITY DEPARTMENT OF
EDUCATION,
                       Defendants.
_____X

Plaintiffs R.L. and Y.Z.C.[1], individually and as parent of her son, R.L., by undersigned counsel, Bronx Legal Services as and for their Complaint against defendants, Kamar Samuels, and the New York City Department of Education (collectively, "NYC DOE"), allege and state the following:

## PRELIMINARY STATEMENT

1. Plaintiffs Y.Z.C. and R.L. bring this action.

2. Plaintiffs seek (a) modified de novo review and reversal of the State Review Officer's September 25, 2025 decision; (b) a determination that the NYC DOE denied R.L. a FAPE for the 2023-2024 school year and (c) a determination that the Parent is entitled to full tuition payment for R.L.'s attendance at the Cooke School and Institute for the 2023-2024 school year.

---

[1] Initials are used throughout this complaint to preserve the confidentiality of the Plaintiffs in conformity with the privacy provisions of Rule 5.2(a) of the Federal Rules of Civil Procedure, USCS Fed Rules Civ Proc R 5.2(a), the IDEA codified at 20 U.S.C. § 1417(c) and the Family Educational Right to Privacy Act ("FERPA"), codified at 20 U.S.C. § 1232(g) and 34 C.F.R. §99.

## THE PARTIES

3. Plaintiffs at all relevant times resided within New York City and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes.

4. Plaintiff R.L. was, at all relevant times and still is, a student with a disability as defined by the IDEA, 20 U.S.C. § 1401(3)(A) entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statue.

5. R.L., is a nineteen-year-old diagnosed with autism spectrum disorder and assigned a special education classification of autism.

6. Upon R.L.'s eighteenth birthday, all substantive and procedural rights under the IDEA transferred from Y.Z.C. to R.L. pursuant to 20 U.S.C. § 1415(m) and applicable New York law.

7. R.L. brings this action in to enforce rights under the IDEA, including the right to a FAPE and appropriate relief arising from NYC DOE's denial of that right. Y.Z.C. also appears as his next friend.

8. Plaintiff Y.Z.C. is R.L.'s "parent" as defined by the IDEA, 20 U.S.C. 1401(23)(A) and is obligated under a tuition contract to pay for R.L.'s private school tuition that is the subject of this action.

9. Y.Z.C. is named as a plaintiff solely with respect to claims for reimbursement, funding, and other financial relief arising from her legal obligation to pay R.L.'s tuition and related educational expenses.

10. Y.Z.C. has suffered and will continue to suffer concrete financial injury as a result of NYC DOE's failure to provide a FAPE, including liability for private school tuition and

associated costs, and therefore has standing to seek reimbursement and related relief under the IDEA.

11. Defendant Kamar Samuels, in his official capacity, is the Chancellor of the New York City Department of Education, responsible for the operations of New York City Public Schools.

12. Defendant New York City Department of Education is, and was, at all relevant times, a corporate body created under Article 52 and 52-A of the New York State Education Law. The NYC DOE maintains its headquarters at 52 Chambers Street, New York, New York 10007. The NYC DOE is a local educational agency organized under the laws of the State of New York and as defined by the IDEA, 20 U.S.C. §1401(19). As such, the NYC DOE is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations and the U.S. Constitution, and is subject to the requirements of 20 U.S.C 1400 et seq., 42 U.S.C. §12101 et seq., and the regulations promulgated thereunder.

13. Defendant NYC DOE was, and still is, statutorily obligated under the IDEA, as well as the laws of the State of New York, and all applicable state and federal regulations, to provide R.L. with a free appropriate public education and to observe, honor, and enforce R.L.'s other special education related mandates and safeguards.

## JURISDICTION AND VENUE

14. Pursuant to 20 U.S.C. § 1415(I)(2)(A) and 28 U.S.C. §1331, this Court has jurisdiction of this action without regard to the amount in controversy.

15. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear all claims brought under the New York State Education Law.

16. Venue is proper in the Southern District of New York in that Plaintiffs and Defendants all reside, have offices, or are otherwise situated within this judicial district, at the time the controversy existed, and throughout the administrative process now being appealed. 28 U.S.C. § 1391(b)(1) and 28 U.S.C § 1391(b)(2).

## LEGAL FRAMEWORK

17. The Individuals with Disabilities Education Act was enacted by Congress "to ensure that all children with disabilities have available to them a free appropriate public education" that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living; [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A) & (B). The free appropriate public education ("FAPE") required under IDEA will be different for each child.

18. The IDEA offers federal funds to States in exchange for a commitment to provide a FAPE to all children with certain physical or intellectual disabilities, and tasks local education agencies with ensuring that students with disabilities receive the required supports. 20 U.S.C. §§ 1412(a)(1); 1414(d)(2).

19. The IDEA requires "[a]n individualized education program [IEP]", be "developed, reviewed, and revised for each child with a disability" annually. 20 U.S.C. § 1412(a)(4); 20 U.S.C. § 1414(d). It is the "primary vehicle" for providing each child with the promised FAPE. *Honig v. Doe*, 484 U.S. 305, 108 S. Ct. 592 (1988).

20. The purpose of an IEP is to enable a child to make progress appropriate in light of the child's unique circumstances. An appropriate public education under IDEA is one that is

"likely to produce progress, not regression". *T.K. v. New York City Dep't of Educ.*, 810 F.3d 869, 875 (2nd Cir. 2016).

21. IEPs are not merely a form document, and must be constructed after "careful consideration of the child's present levels of achievement, disability, and potential for growth." *Endrew F. v. Douglas Cty. Sch. Dist. RE-1*, 580 U.S. 386, 400, 137 S. Ct. 988, 999 (2017); see also §§ 1414(d)(1)(A)(i)(I)-(IV), (d)(3)(A)(i)- (iv).

22. Analogous sections of the New York Education Law and of New York State Education Department Regulations guarantee a free appropriate public education to students with disabilities. N.Y. Educ. Law § 4401; 8 N.Y.C.R.R. §§ 200, 201.

23. In New York State, school districts have the burden of proof, including the burden of persuasion and burden of production, in IDEA due process hearings. N.Y. Educ. Law §4404(1)(c).

24. When a school district receiving IDEA funding fails to give a student with a disability a FAPE, the student's parent may remove the child to an appropriate private school and then seek tuition payment. <u>*Ferreira v. Aviles-Ramos*</u>, 120 F.4th 323, 329 (2d Cir. 2024) *citing Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005)(internal citations omitted); *see also*, 20 U.S.C. § 1415(i)(2)(C)(iii), (i)(2)(A); *Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985); *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 12, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993).

25. The Courts use a three-part test commonly referred to as the "Burlington/Carter three prong test" - when determining whether payment for private-school expenses is "appropriate" under 20 U.S.C. § 1415(i)(2)(C)(iii). The court considers "(1) whether the

school district's proposed plan will provide the child with a [FAPE]; (2) whether the parents' private placement is appropriate to the child's needs; and (3) [whether] the equities" support reimbursement. *Ferreira v. Aviles-Ramos*, 120 F.4th at 329, citing *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 73 (2d Cir. 2014). "The first two prongs of the [Burlington/Carter] test generally constitute a binary inquiry that determines whether or not relief is warranted, while the third enables a court to determine the appropriate amount of reimbursement, if any." *Ferreira v. Aviles-Ramos*, 120 F.4th at 329, citing, *A.P. v. N.Y.C. Dep't of Educ.*, No. 22-2636, 2024 U.S. App. LEXIS 4302, 2024 WL 763386, at *2 (2d Cir. Feb. 26, 2024).

## STATEMENT OF FACTS

**Background**

26. R.L. is a nineteen-year-old student with a disability. He lives in the Bronx, NY with his family. R.L. was diagnosed at very young age with Klinefelter Syndrome, a genetic condition that impacts how R.L. learns and interacts with others. More recently R.L. was also given the diagnosis of Autism in 2022.

27. R.L. currently attends the Cooke School and Institute ("Cooke School") and is in the twelfth grade. R.L. has been attending the Cooke School for more than a decade starting in the 2012-2013 school year when he entered the school in the first grade. The Cooke School is private school that serves students with special needs including students diagnosed with autism and other developmental delays.

28. R.L. first received special education services from the NYC DOE when he was in kindergarten. At that time, R.L. attended a public school in the Bronx where the Parent

believed he was not receiving the help he needed and where R.L. experienced significant bullying because of his disability and his race.

29. Doctors treating R.L. recommended to Y.Z.C. that R.L. be placed in a special school so he can get the program and services that he needed to make progress. Y.Z.C. placed R.L. in the Cooke School for first grade and sought payment of R.L.'s tuition from the NYC DOE for the 2012-2013 school year.

30. The NYC DOE agreed to pay the tuition for R.L. to attend the Cooke School in first grade. Then for every school year thereafter, starting in the 2013-2014 school year, the Parent challenged the NYC DOE's recommendations and sought tuition payment for R.L.'s continued attendance at the Cooke School. During those years from 2013-2014 to 2023-2024, the NYC DOE either recommended a special class program in a special school in District 75 or did not develop an IEP at all. Each year from 2013-2014 through 2022-2023, after Y.Z.C. challenged NYC DOE's recommendation for R.L., the NYC DOE agreed to pay R.L.'s tuition to attend the Cooke School.

**The 2023-2024 School Year**

31. A meeting was held on October 20, 2002, by NYC DOE to develop an IEP for R.L. Y.Z.C. attended the meeting along with staff from the Cooke School, representatives from the NYC DOE and a social worker from Y.Z.C.'s attorney's office.

32. The NYC DOE representatives recommended R.L. receive a small class program with one teacher and one teaching assistant in a NYC DOE District 75 school.

33. Y.Z.C., the staff from the Cooke School and the social worker expressed that they did not agree with the recommendation. They shared their concerns with the NYC DOE staff and those concerns were memorialized on the IEP and the meeting minutes.

34. Specifically, the IEP developed at the October 20, 2022, memorializes Y.ZC's objection under Parents Concerns as follows: "The related services should be provided in the community setting and in other settings according to the school. He needs support with adaptive skills and language skills. A 12:1:1 will not provide that level of support. Without that level of support, he will not make meaningful progress."

35. Although the NYC DOE entered into evidence copies of a prior written notice and a school location letter, both dated June 24, 2023, Y.Z.C. never received these documents prior to the start of the 2023-2024 school year.

**The Due Process Hearing**

36. Parent served a ten-day notice on March 15, 2024 on the NYC DOE.

37. Parent timely filed a due process complaint on July 10, 2024 to seek tuition payment for R.L.'s attendance at the Cooke School for the 2023-2024 school year.

38. The NYC DOE did not hold a resolution meeting in this matter as required under 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 300.510(a).

39. Hearing officer Corey Forster, Esq. (IHO) of the Office of Administrative Trials and Hearings was assigned to the matter and held a due process hearing via video teleconference on November 21, 2024.

40. The NYC DOE presented one witness, Sharmin Chowdhury, a school psychologist who is employed by the NYC DOE. Ms. Chowdhury testified regarding her participation in the meeting to develop R.L.'s October 20, 2022 IEP. Ms. Chowdhury's direct testimony was provided in the form of a written affidavit and she appeared at the hearing for cross examination.

41. Plaintiffs presented three witnesses at the hearing: (1) Cassandra Manzo, Assistant Head of the Upper School at the Cooke School testified regarding the appropriateness of the Cooke School for R.L; (2) Sally Ord, Consulting Teacher at the Cooke School, testified regarding her participation in the October 20, 2022 IEP meeting; and (3) Y.Z.C. testified regarding her participation in the October 20, 2022 IEP meeting and the appropriateness of the Cooke School for R.L.

42. On December 20, 2024 the IHO issued his findings of fact and decision (FOFD). The IHO found the NYC DOE failed to meet its burden to prove it recommended a FAPE for R.L. for the 2023-2024 school year. In arriving at his decision, the IHO found the testimony of the NYC DOE's lone witness to be not credible and that the documents supported Parent's allegations that the recommendations in the IEP were not appropriate.

43. Additionally, the IHO found Y.Z.C. met her burden to prove the Cooke School met R.L.'s needs.

44. In analyzing the equities in this matter, the IHO found that Parent failed to timely provide the required ten day notice before unilaterally arranging for private educational services for R.L.. Hence, the IHO reduced the Parent's award of tuition payment from $97,825.00 by $63,216.66 for a final amount of $34,608.34.

**The SRO Appeal**

45. Y.Z.C. timely filed an appeal with the State Review Officer of the New York State Education Department on January 29, 2025 to challenge the IHO's decision to reduce the Parent's award of tuition payment.

46. The NYC DOE filed a cross appeal alleging that the IHO erred in finding that the NYC DOE did not provide R.L. with a FAPE for the 2023-2024 school year and that the equities do not favor relief for Parent.

47. The SRO issued its decision #25-059 dated September 25, 2025,[2] reversing the IHO's determination and finding that R.L. was offered a FAPE for the 2023-2024 school year.

48. The SRO found that the IHO relied primarily upon the testimony at the hearing and failed to properly weigh "the substance of the district's documentary evidence." Conducting its own review of the documentary evidence, the SRO found that the IEP team developed the IEP based upon a neuropsychological evaluation and the progress reports from the Cooke School. The SRO found the goals and class program recommended in the IEP to be appropriate and that the NYC DOE was not required to recommend the Cooke School as the placement for R.L.

49. Plaintiffs now appeal the SRO's decision pursuant to 20 U.S.C. § 1415(i)(2)(A).

## FIRST CAUSE OF ACTION

**The SRO's Finding That NYC DOE Offered R.L, a Free Appropriate Public Education ("FAPE") Is Not Supported by the Evidence.**

50. Plaintiffs repeats, realleges, and reasserts each and every allegation set forth in paragraphs 1 through 49 above, as if more fully set forth herein.

51. The actions by the NYC DOE denied Parent and R.L.'s right to a free appropriate public education under the IDEA, 20 U.S.C. § 1400, et seq. and its implementing regulations.

---

[2] The SRO failed to timely issue the decision in this matter as required by New York State regulations. The SRO has 30 days from receipt of the request for review to issue a final decision. 8 NYCRR § 200.5. The SRO issued the decision in this matter five months after the original due date of April 25, 2025.

52. The NYC DOE failed to meet its obligation to develop an appropriate IEP and provide R.L. with appropriate services during the 2023-2024 school year.

53. The NYC DOE failed to carefully consider R.L.'s needs for a highly supportive class program in the development of his IEP. 20 U.S.C. § 1414(d)(4); 34 C.F.R. §300.324(b)(i). The evidence in the record was clear that the IEP the NYC DOE created did not recommend an appropriate program and services for R.L..

54. The IHO correctly held that the NYC DOE failed to meet its burden of proof of providing R.L. with a FAPE. The IHO found the NYC DOE did not present credible evidence to support its claims of developing an appropriate IEP for R.L. The IHO determined the testimony of the NYC DOE's sole witness was not credible and therefore could not prove that the IEP was developed appropriately.

55. The decision by the SRO failed to consider the totality of the record developed at the hearing, disregarded the weight of the evidence, and reflects a predetermined decision.

56. The SRO largely based its decision on the appropriateness of the IEP despite all of the other substantive documents entered into evidence that support a private school placement for the student including the only evaluation report in the record: a neuropsychological evaluation contracted by the NYC DOE.

57. Furthermore, the SRO incorrectly states that the Cooke School is providing R.L. the same program as recommended on the IEP: a class of twelve students to one teacher and one paraprofessional, or commonly referred to as a 12:1+1 class. Rather, the record reflects that the Cooke School is providing R.L. a class of twelve students to one teacher, one "assistant teacher" and one paraprofessional or a 12:2+1 class.

58. Moreover, the SRO overlooks the disastrous testimony of Ms. Chowdhury, the NYC DOE's only witness. Ms. Chowdhury's testimony was offered to provide the IHO with an understanding of how the IEP team arrived at its recommendations, and if the IEP team engaged in a thoughtful consideration of R.L.'s needs or if the determinations were predetermined by the NYC DOE.

59. The SRO does not address the implications of the IHO's finding that Ms. Chowdhury was less than credible as a witness who gave generalized statements in her affidavit regarding the appropriateness of the R.L.'s IEP, and provided insufficient detail to demonstrate that the R.L.'s IEP was "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."  It also did not address the IHO's finding that the DOE could not properly explain why it disregarded the recommendation of the neuropsychological evaluation for R.L. to remain at the Cooke School.

60. Moreover, the IHO importantly noted how Ms. Chowdhury's testimony on cross examination undermined her own affidavit as she admitted that she had not carefully reviewed her own affidavit and in fact she did not author the affidavit herself but instead signed an affidavit prepared by the attorney for the NYC DOE.

61. Based on the above, Plaintiffs are entitled to all appropriate relief under IDEA, including reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**The SRO Decision Should be Reversed under the New York State Education Law.**

62. Plaintiffs repeats, realleges, and reasserts each and every allegation set forth in paragraphs 1 through 61 above, as if more fully set forth herein.

63. The actions by the NYC DOE interfered with and denied Plaintiffs right to a free appropriate public education under Article 89 of the New York State Education Law and Part 200 of the Regulations of the Commissioner of Education.

64. The NYC DOE failed to meet its obligation to develop an appropriate IEP and provide R.L. with appropriate services during the challenged school year.

65. The NYC DOE failed to carefully consider R.L.'s present levels of performance, disability, potential for growth, transition goals, and class staffing needs in the development of the IEP. *N.Y. Educ. Law* § 4402; 8 *N.Y.C.R.R.* 200.4(f).

66. The NYC DOE failed to meet its burden of proof by resting solely on the challenged IEP and the incredible testimony of Ms. Chowdhury to prove that it provided R.L. with a free appropriate public education.

67. The findings by the SRO failed to consider all the allegations contained within Plaintiff's pleadings.

68. The decision by the SRO failed to consider the totality of the record developed below.

69. The SRO's decision fails to comport with applicable statutory and regulatory requirements, and is not in accordance with the decision of this, and other courts.

70. The findings of the SRO are not supported by the statutes or regulations cited therein, and should be reversed.

71. The findings of the SRO are not supported by case law and should be reversed.

72. Plaintiffs are entitled to all appropriate relief under IDEA, including reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**The Equities Favor Full Reimbursement of R.L's
Private School Tuition for the 2023-2024 School Year .**

73. Plaintiffs repeats, realleges, and reasserts each and every allegation set forth in paragraphs 1 through 72 above, as if more fully set forth herein.

74. In balancing the equities in this case, the failure of Plaintiffs to provide a ten day notice at the beginning of the 2023-2024 school year did not prevent the NYC DOE from exercising their ability to assemble a team, evaluate R.L., or devise a new IEP for the 2023-2024 school year.

75. The Parent provided the required notice by objecting to the October 20, 2022 IEP at the IEP meeting. The NYC DOE was aware as of October 2022, that the Parent had rejected the October 22, 2022 IEP which is the operative IEP for the 2023-2024 school year.

76. In addition, the NYC DOE was also aware that R.L. was attending a private school at the time the October 22, 2022 IEP was developed.

77. Moreover, the NYC DOE was aware that the Parent had rejected all of its prior IEPs for about a decade prior to the 2023-2024 school year as the NYC DOE recommended the same 12:1+1 class program for R.L. for most of those years. During each of those school years, the NYC DOE agreed to pay the tuition for R.L. to attend the Cooke School.

78. Therefore the NYC DOE had <u>actual notice</u> as of the beginning of the 2023-2024 school year. As such any delay in sending the NYC DOE a ten day notice was de minimis and should not be a bar to full tuition payment or warrant a reduction in tuition payment to the Cooke School for the 2023-2024 school year.

79. The NYC DOE was not prejudiced from the delay in receiving a ten day notice since the NYC DOE was aware in October 22, 2022 that the Parent rejected the IEP. The NYC DOE took no steps to reconvene the IEP team, or conduct new evaluations, or make new recommendations subsequent to the October 22, 2022 IEP meeting.

80. As a result of the above, the Plaintiffs are entitled to a *de novo* finding that the equities balance in favor of full tuition payment for R.L. to attend the Cooke School for 2023-2024 school year.

WHEREFORE, it is respectfully requested that this Court:

a. Reverse the September 25, 2025 State Review Officer's Decision;

b. Declare the NYC DOE failed to offer R.L. a free and appropriate public education for the 2023-2024 school year;

c. Declare the Parent demonstrated that the Cooke School is appropriate for R.L.;

d. Declare the equities balance in favor of tuition payment;

e. Order the Defendants to pay the full tuition for R.L.'s attendance at Cooke School for the 2023-2024 school year;

f. Declare the Plaintiffs to be the prevailing party,

g. Award attorneys' fees and other recoverable costs at the administrative level, the SRO level, and in this action, pursuant to the express fee-shifting provisions of the IDEA, and

h. Grant Plaintiffs such other and further relief as this Court deems just under the circumstances.

Dated: January 23, 2026
Bronx, New York

_____
Nelson Mar
Nanette Schorr
Christopher D. Lamb
Bronx Legal Services
Attorneys for Plaintiffs
349 East 149th Street, 10th Fl.
Bronx, NY 10451
718-928-3700
nmar@lsnyc.org